UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SANDRA TORRES,

                          Plaintiff,

         -v-

TRUSTEES OF ST. PATRICK'S CATHEDRAL *and*
ARCHDIOCESE OF NEW YORK,

                        Defendants.

25 Civ. 1191 (PAE)

ORDER

---

PAUL A. ENGELMAYER, District Judge:

This decision resolves a discovery dispute.  Defendants Trustees of St. Patrick's

Cathedral and Archdiocese of New York (collectively, the "Archdiocese") move to quash

plaintiff Sandra Torres's post-deposition discovery demands.  The demands were served the day

before fact discovery closed and requested production 30 days later.  For the following reasons,

the Court grants the motion to quash.

## I.     Background

The Court assumes familiarity with this case.  In brief, Torres sues the Archdiocese, her

former employer, under federal and state law for alleged discrimination on the basis of race, age,

and gender.  *See* Dkt. 27 ("AC").

Relevant here, on June 16, 2025, the Court so-ordered a case management plan, directing

that, *inter alia*, "[a]ll fact discovery" was to be completed by October 9, 2025.  Dkt. 26 (case

management plan) at 1.

On September 17, 2025, the Court granted a 45-day extension of fact discovery, through

November 24, 2025.  Dkt. 32 at 1–2.  The need for that extension was caused by Torres's

counsel's failure to comply with the schedule set by the Court: despite the Archdiocese having noticed Torres's deposition for September 11, 2025, Torres's counsel had indicated that he would not provide responses to the Archdiocese's interrogatory and document requests until October 1, 2025, and would be unavailable to produce Torres for a deposition "until mid-October." *Id.* at 1.

On November 20, 2025, Torres sought another 45-day extension of the fact discovery deadline. Dkt. 34 at 1. Her counsel stated that the Archdiocese had informed him that the Archdiocese employees Torres sought to depose could not be produced until early December. Later that day, counsel for the Archdiocese filed a separate letter, noting that Torres's counsel had still not noticed any depositions and, in fact, first contacted them during the week of November 10, 2025 to begin to discuss scheduling them. Dkt. 35 at 1.

The same day (November 20, 2025), the Court granted Torres's request to extend the fact deadline a second time, to January 8, 2026. The Court admonished Torres's counsel for his untimeliness and noted its expectation that he "complete fact discovery with dispatch." Dkt. 36 at 2. The Court also noted that "[a]bsent extraordinary circumstances, no further extensions will be granted." *Id.*

On January 7, 2026, Torres's counsel filed on the docket of this case—without any correspondence addressed to the Court or other explanation—an unsigned list of post-deposition demands directed to the Archdiocese, to be answered within 30 days. Dkt. 37 ("Demands"). On January 8, 2026, the Archdiocese moved to quash the Demands as untimely. Dkt. 38. On January 9, 2026, Torres's counsel filed a two-paragraph letter, noting that he had served the Demands before the January 8, 2026 close of fact discovery, and attaching an email he had received from the Archdiocese's counsel. Dkt. 39 at 1. The same day, the Archdiocese replied,

stating that the email Torres's counsel had attached had been sent inadvertently, had immediately been recalled, and was irrelevant. Dkt. 40.

## II.    Discussion

The Demands are clearly untimely, and there is no good cause to warrant yet another extension of discovery.

A discovery deadline is the date on which discovery must be complete; it is not the last date on which a party can serve discovery requests. *Joye v. Psch, Inc.*, No. 14 Civ. 3809, 2016 WL 3141659, at *4 n.2 (S.D.N.Y. June 3, 2016) (collecting cases). Discovery should not be extended where a party has had sufficient opportunity to pursue evidence during discovery. *See Trebor Sportswear Co. v. The Limited Stores, Inc.*, 865 F.2d 506, 511–12 (2d Cir. 1989) (denying additional discovery where party had "fully adequate opportunity for discovery").

Here, the Demands were served the day before the discovery deadline and called for production "within 30 days"—*i.e.*, nearly a month after fact discovery closed. They are therefore untimely. *See, e.g.*, *Joye*, 2016 WL 3141659, at *4 n.2 (demands served five days before discovery deadline untimely); *Kelly v. Wright Med. Tech., Inc.*, No. 00 Civ. 8808, 2003 WL 40473, at *1 (S.D.N.Y. Jan. 3, 2003) (same where subpoena was served on last day of discovery, "thus ensuring that [requested documents] would be received, if at all, only after the conclusion of discovery"); *Harris v. Computer Assocs. Int'l, Inc.*, 204 F.R.D. 44, 45–46 (E.D.N.Y. 2001) (denying request to reopen discovery, submitted on last day of discovery by party who had received multiple discovery extensions).

Nor has Torres shown good cause to extend the discovery deadline. Such an extension would be the third, each caused by the inability of Torres's counsel to comply with the governing case management plan. Torres's untimely Demands are all the more problematic insofar as they

3

are the latest example of disobedient and discourteous conduct by her counsel.  Earlier, counsel refused, without good cause, to schedule the Archdiocese's deposition of Torres until after the initial fact discovery deadline, *see* Dkt. 32 at 1–2; and requested a second extension of that deadline, while attempting to pin the blame on opposing counsel's schedule and omitting to disclose that Torres's counsel had not contacted opposing counsel to schedule depositions until two weeks before the deadline, *see* Dkt. 36 at 2.  Torres's counsel's recent ploy of serving the Demands the day before the twice-extended discovery deadline, despite having had ample opportunity to serve these broad and easily foreseeable requests months earlier, *see* Demands at 6–7 (*e.g.*, requesting "all email exchange[s]" between Torres and the two Archdiocese deponents), is the continuation of this dismaying pattern.

The Court therefore grants the Archdiocese's motion to quash,[1] and reiterates its expectation that Torres's counsel conduct himself with professionalism and respect for deadlines during the pendency of this case.  *See, e.g.*, *Joye*, 2016 WL 3141659, at *4 n.2; *Kelly*, 2003 WL 40473, at *1; *Harris*, 204 F.R.D. at 45–46.

## CONCLUSION

For the above reasons, the Court grants the Archdiocese's motion to quash.

SO ORDERED.

---

[1] The Archdiocese asked the Court to "strike" the Demands.  Motions to strike, however, are properly directed to pleadings, not discovery demands.  *See* Fed. R. Civ. P. 12(f) ("The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.").  The Court has accordingly construed the Archdiocese's filing as a motion to quash the Demands.

4

PAUL A. ENGELMAYER
United States District Judge

Dated: January 13, 2026
       New York, New York

5