UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SANDRA TORRES,<br><br>Plaintiff,<br><br>-v-<br><br>TRUSTEES OF ST. PATRICK'S CATHEDRAL *and* ARCHDIOCESE OF NEW YORK,<br><br>Defendants. | 25 Civ. 1191 (PAE)<br><br>ORDER |

PAUL A. ENGELMAYER, District Judge:

On February 11, 2026, this Court set a briefing schedule for defendants' motion for summary judgment. Dkt. 44. Such provided that (1) defendants were to file their opening brief and individual Rule 56.1 statement by March 11, 2026; (2) plaintiff was to file her opposition to the motion and to defendants' Rule 56.1 statement, as well as any individual Rule 56.1 statement on her behalf, by April 8, 2026; and (3) defendants were to file their reply and, if applicable, opposition to plaintiff's individual Rule 56.1 statement by April 22, 2026. *Id.*

On March 11, 2026, defendants moved for summary judgment, Dkts. 45–46, and filed a Rule 56.1 statement of undisputed material facts, Dkt. 47. On April 6, 2026, plaintiff opposed the motion, including through a memorandum of law, a declaration, and an affidavit. Dkts. 52, 54–55. Plaintiff also filed a Rule 56.1 statement of her own. Dkt. 53. That document is titled "Plaintiff's Local Rule 56.1 Statement of Undisputed Material Facts in Opposition to Defendants' Motion for Summary Judgment," and it is styled as Rule 56.1 statement, not a response in opposition to defendants' Rule 56.1 statement. *See id.* On April 22, 2026,

defendants filed a response admitting or denying the facts set forth in plaintiff's Rule 56.1 statement, consistent with Local Civil Rule 56.1(b). Dkt. 58.

Local Civil Rule 56.1 requires any motion for summary judgment under Federal Rule of Civil Procedure 56 to be "accompanied by a separate, short, and concise statement, in numbered paragraphs, of the material facts as to which the moving party contends there is no genuine issue to be tried." Local Civ. R. 56.1(a). The paper opposing such a motion "must include a correspondingly numbered paragraph admitting or denying, and otherwise responding to, each numbered paragraph in the statement of the moving party, and if necessary, additional paragraphs containing a separate, short and concise statement of additional material facts as to which it is contended that there exists and genuine issue to be tried." Local Civ. R. 56.1(b). Each fact set forth in Rule 56.1 statements "must be followed by citation to evidence that would be admissible and set forth as required by Fed. R. Civ. P. 56(c)." Local Civ. R. 56.1(d). This Court's Individual Rules further require a response to any party's Rule 56.1 statement to "reproduce each entry" in the original statement, "and set out the opposing party's response directly beneath it." Individual Rule 3(L).1.

Construed as a response to defendants' Rule 56.1 statement, plaintiff's submission does not comply with these directives. First, it does not specifically admit or deny the numbered paragraphs in defendants' Rule 56.1 statement. Some of plaintiff's numbered paragraphs restyle the corresponding paragraphs in defendants' statement, including by variously rewriting defendants' statements, adding facts, and excising facts. For example, defendants' paragraph one reads: "The Archdiocese serves 368 parishes in 10 counties in New York State, including St. Patrick's Cathedral in New York City, providing a wide range of services to its parishioners and members of the community, including the provision of charitable, education, and healthcare

related ministries." Dkt. 47 ¶ 1 (citation omitted). Plaintiff's paragraph one reads: "The Archdiocese serves 368 parishes in 10 counties in New York State, including St. Patrick's Cathedral in New York City." Dkt. 53 ¶ 1 (citation omitted). Presuming the deletion of the second and third clauses was meant to serve as an implicit denial of those facts, that is a plainly deficient manner of denying allegations under Local Rule 56.1 and Individual Rule 3(L).

Second, plaintiff injects novel statements of fact throughout her Rule 56.1 statement. This begins on the statement's first page. Defendants' paragraph three reads, "While affiliated and often work closely, the Archdiocese and the Trustees areseparate and distinct legal and corporate entities." Dkt. 47 (citation omitted). Plaintiff's paragraph three reads, "In or around April 2023, Mary Ellen Garrity and Ella O'Sullivan acted in concert to eliminate The Trustees of St. Patrick's Cathedral internal HR function and began a contract with the Archdiocese of New York to purchase HR services with an effective date of May 15, 2023." Dkt. 53 (citation omitted). That is not responsive to defendants' third paragraph, and flouts Local Rule 56.1's requirement that a response in opposition to the moving party's Rule 56.1 statement proffer additional material facts *after* its admissions/denials, in a "separate, short and concise statement of additional material facts as to which it is contended that there exists a genuine issue to be tried." Local Civ. R. 56.1(b).

Alternatively, construed as a Rule 56.1 statement of her own, plaintiff's submission (1) leaves defendants' Rule 56.1 statement without any response, and (2) violates Rule 56.1's requirement that each statement be "followed by citation to evidence that would be admissible and set forth as required by Fed. R. Civ. P. 56(c)." Local Civ. R. 56.1(d). Certain of plaintiffs' paragraphs rely for support exclusively on allegations in plaintiff's amended complaint, which is not cognizable in this posture. *See Caro Cap., LLC v. Koch*, 653 F. Supp. 3d 108, 132 (S.D.N.Y.

2023) ("It is blackletter law that an unverified complaint is not evidence that can be relied upon at summary judgment.").

Rule 56.1 provides that "[e]ach numbered paragraph in the statement of material facts set forth in [the moving party's statement] will be deemed to be admitted for purposes of the motion unless specifically denied and controverted by a correspondingly numbered paragraph in the statement required to be served by the opposing party." Local Civ. R. 56.1(c).

It bears noting that, while this Court's standard practice is to elicit from the parties a joint statement of stipulated facts in lieu of individual Rule 56.1 statements, the Court determined in this case that such would not be profitable due to plaintiff's counsel's uncooperativeness in the early stages of pretrial litigation. Moreover, as this Court has repeatedly documented, this is not the first instance of plaintiff's counsel flouting this Court's directives. *E.g.*, Dkts. 21 at 1–2, 36 at 2, 41 at 4; *see also* Dkt. 52 (plaintiff's 38-page memorandum of law in opposition to defendants' motion for summary judgment, which was filed without seeking leave of Court, in contravention of this Court's Individual Rule 3(C)).

Nonetheless, in the interest of efficiency and comprehensiveness, and in recognition that plaintiff ought not be punished for counsel's manifest disrespect for this Court's directives, the Court will permit plaintiff until October 2, 2026 to file and serve a response to defendants' Rule 56.1 statement that comports with Rule 56.1(b)–(d) and this Court's Rule 3(L).1. This deadline will not be extended. If plaintiff fails to make a timely, compliant submission, the Court will deem admitted for purposes of the summary-judgment motion each factual submission in defendants' Rule 56.1 statement that is supported by a citation to evidence that would be admissible and set forth according to Fed. R. Civ. P. 56(c).

SO ORDERED.

Date: September ~~29~~ 30, 2026
New York, New York

Paul A. Engelmayer

PAUL A. ENGELMAYER
United States District Judge